## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

NICOLE BULLOCK,
*Individually and on Behalf of a Class of*
*Persons Similarly Situated*,

      Plaintiff,

      v.

JPMORGAN CHASE BANK, N.A.,

      Defendant.

Civil Action No. TDC-15-0909

## MEMORANDUM OPINION

Plaintiff Nicole Bullock, who is self-represented, has filed suit against Defendant JPMorgan Chase Bank, N.A. ("Chase").  Pending before the Court is Chase's Motion to Dismiss and/or for Summary Judgment.  The Motion is fully briefed and ripe for disposition.  No hearing is necessary to resolve the issues.  *See* D. Md. Local R. 105.6.  For the reasons set forth below, the Motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

The following facts are presented in the light most favorable to Bullock, the nonmoving party:

### I.    Return of the Note

On August 31, 2006, Bullock, whose legal name at the time was Nicole Hill, received a mortgage loan from Chase ("the 2006 Loan") to purchase a residential property at 16410 Pennsbury Drive in Bowie, Maryland (the "Property Address").  Bullock's promissory note (the

"Note") was secured by a deed of trust (the "Deed of Trust"), naming Chase as the lender.[1]  On

June 15, 2012, Bullock refinanced her mortgage.  She obtained a second loan from Chase, which

she used to pay off the 2006 Loan.  The Deed of Trust for the 2006 Loan stated, "Upon payment

of all sums secured by this Security Instrument, [Chase] shall release this Security Instrument

and mark the Note 'paid' and return the Note to [Bullock]."  Def.'s First Mot. to Dismiss and/or

for Summ. J. ("First Mot. Dismiss"), Driver Decl. Ex. D, Deed of Trust ¶ 23.  The Deed of Trust

does not detail the manner by which Chase must return the Note.  It does specify how Bullock

and Chase were to provide each other with "notices":

> All notices given by [Bullock] or [Chase] in connection with this Security Instrument must be in writing.  Any notice to [Bullock] in connection with this Security Instrument shall be deemed to have been given to [Bullock] when mailed by first class mail or when actually delivered to [Bullock's] notice address if sent by other means. . . .   The notice address shall be the Property Address unless [Bullock] has designated a substitute notice address by notice to [Chase]. . . .  Any notice to [Chase] shall be given by delivering it or by mailing it by first class mail to [Chase's] address stated herein unless [Chase] has designated another address by notice to [Bullock].  Any notice in connection with this Security Instrument shall not be deemed to have been given to [Chase] until actually received by [Chase].

*Id.* ¶ 15.  The Deed of Trust defines the "property" as the lot located at 16410 Pennsbury Drive,

Bowie, Maryland.  *Id.* ¶ F.

On December 29, 2014, Bullock wrote Chase to request the return of the Note.  She never

received it.  She offers two explanations.  First, she claims that Chase did not possess the Note

when she requested it, and so could not return it to her.  Alternatively, Bullock asserts that if

Chase possessed the Note, Chase mailed it to the Property Address, rather than her current home

address in Brandywine, Maryland (the "Brandywine Address").  She alleges that Chase was

---

[1]   For purposes of the Motion to Dismiss, the Court considers the Note and the Deed of Trust, which Chase attached to a previous Motion to Dismiss.  These records are integral to the Complaint and are of undisputed authenticity.  *See Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

required to send the Note to the Brandywine Address, so it failed to meet the requirement in the Deed of Trust to return the Note.

## II.      Procedural History

On January 23, 2015, Bullock filed a Complaint in the Circuit Court for Prince George's County, Maryland.  On March 30, 2015, Chase removed the case to this Court on the basis of diversity jurisdiction.  On April 29, 2015, Chase filed a Motion to Dismiss and/or for Summary Judgment.  On May 20, 2015, Bullock filed an Amended Complaint, mooting the Motion to Dismiss and/or for Summary Judgment.  The Amended Complaint asserts claims for breach of contract, unjust enrichment, and negligence.  Bullock also seeks to bring suit on behalf of other borrowers who did not receive promissory notes from Chase following satisfaction of their mortgage loans.  On June 8, 2015, Defendants filed the pending Motion.  On June 29, 2015, Bullock filed an Opposition to the Motion.  On July 6, 2015, Bullock filed a Supplement to its Opposition.  On July 16, 2015, Chase filed a Reply Memorandum.

## DISCUSSION

Chase seeks dismissal of the Amended Complaint, or, in the alternative, summary judgment on each of Bullock's claims.  The Court first evaluates Bullock's claims as a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  It then considers whether Chase is entitled to summary judgment before discovery has commenced.

## I.      Motion to Dismiss

### A.      Legal Standard

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim is plausible when the facts pleaded allow "the Court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.*  Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusory statements do not suffice, *Iqbal*, 556 U.S. at 678.  The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff.  *Albright v. Oliver*, 510 U.S. 266, 268 (1994*); Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

### B.      Unjust Enrichment

Bullock claims that Chase was not entitled to receive payments for her 2006 Loan because it did not possess the Note and was not the holder of the Note.  It was thus, in Bullock's view, unjustly enriched by her loan payments.

To state a claim for unjust enrichment under Maryland law, the plaintiff must allege that the defendant received a benefit from the plaintiff, that the defendant had knowledge of the benefit, and that the acceptance or retention of the benefit without payment would be inequitable. *Hill v. Cross Country Settlements, LLC*, 936 A.2d 343, 351 (Md. 2007).  A plaintiff cannot bring a claim for unjust enrichment when the substance of the dispute with the defendant is governed by an express contract.  *Janusz v. Gilliam*, 947 A.2d 560, 567 (Md. 2008).  Here, the Note and Deed of Trust are contracts between Bullock and Chase which obligated Bullock to repay her mortgage loan.  Bullock therefore cannot maintain an action for unjust enrichment stemming from that repayment.  *Willis v. Bank of America Corp.*, No. 13-02615, 2014 WL 3829520, at *27-28 (D. Md. Aug. 1, 2014); *Ramos v. Bank of America, N.A.*, No. 11-3022, 2012 WL 1999867, at *6 (D. Md. June 4, 2012).

Bullock counters that the Deed of Trust did not govern her relationship with Chase at the time she made certain unspecified mortgage payments because Chase no longer possessed the Note and was not the holder of the Note.  Even if these allegations relating to Chase and the Note were true, they do not demonstrate that Chase was not entitled to receive Bullock's loan payments.  A party need not possess a note or be a holder of the note to enforce it.  Under Maryland law, a note can be enforced not only by the holder, but also by a nonholder in possession of the note who has the rights of the holder, or by a person not in possession of the note who was entitled to enforce it when possession was lost.  *See* Md. Code Ann., Com. Law §§ 3-301, 3-309 (2013); *see also Anderson v. Burson*, 35 A.3d 452, 461-62 (Md. 2011); *Svrcek v. Rosenberg*, 40 A.3d 494, 505-06 (Md. Ct. Spec. App. 2012).  Thus, Bullock has failed to state a claim for unjust enrichment.

### C.      Negligence

Bullock further claims that Chase was negligent when it sent the Note to the Property Address without requiring a signature by the recipient.  A defendant can only be held liable for negligence if it owed the plaintiff a duty of care.  Generally, a "contractual obligation, by itself, does not create a tort duty."  *Mesmer v. Md. Auto. Ins. Fund*, 725 A.2d 1053, 1058 (Md. 1999); *Heckrotte v. Riddle*, 168 A.2d 879, 882 (Md. 1961).  A tort duty can arise from a contract under special circumstances.  *Parker v. Columbia Bank*, 604 A.2d 521, 532 (Md. Ct. Spec. App. 1992). However, "[c]ourts have been exceedingly reluctant to find special circumstances sufficient to transform an ordinary contractual relationship between a bank and its customer into a fiduciary relationship or to impose any duties on the bank not found in the loan agreement."  *Id.*

Bullock and Chase had a typical borrower-bank relationship.  Chase had a contractual duty under the Deed of Trust to return the Note.  Bullock has not identified any special

circumstances that would justify recognizing a tort duty separate from Chase's contractual duty. *See id.* at 534-35; *McKinney v. Fulton Bank*, 776 F. Supp. 2d 97, 104-05 (D. Md. 2010); *Ramos*, 2012 WL 1999867, at *5.   She has thus failed to state a claim for negligence.

### D.      Breach of Contract

Bullock claims that Chase breached a term of the Deed of Trust by failing to return the Note to her.   "To prevail in an action for breach of contract, a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation."  *Taylor v. NationsBank, N.A.*, 776 A.2d 645, 651 (Md. 2001).  The plaintiff need not show that the breach caused damages.  *Id.*

The Deed of Trust required Chase to return the Note after Bullock paid off the 2006 Loan.  In the Amended Complaint, Bullock asserted that she completed payments on the 2006 Loan in 2012, when Chase refinanced her mortgage.  By December 29, 2014, Chase had not returned the Note.  Although Bullock wrote to request the Note, she never received it.

Chase observes that Bullock has not identified damages caused by its breach.  Indeed, Bullock does not claim that any party has tried to enforce the missing Note, nor has she pleaded facts demonstrating that any party could demand payment under the Note, which is stamped "PAID IN FULL AND SATISFIED."  First Mot. Dismiss, Driver Decl. Ex. C, Note (emphasis in original).   Nevertheless, Bullock may be entitled to nominal damages if she proves Chase's breach.  *See Taylor*, 776 A.2d at 651.  Bullock has thus pleaded facts showing that Chase owed her a contractual obligation and that it breached that obligation.

Even if Bullock's Amended Complaint is read to contain an admission that Chase mailed the Note to the Property Address, Bullock has still stated a claim for breach of contract.  The provision in the Deed of Trust requiring Chase to return the Note does not specify the manner in

which Chase is to do so.  Chase argues that the Deed of Trust's notice provision governs the return of the Note because it is the only term in the contract that addresses how the parties are to send documents to each other.  The Court agrees that, viewing the Note return provision in the context of the entire contract, the only reasonable construction is that Chase was obligated to return the Note to the same address and in the same manner as it was to send notices regarding the loan.  *See P.V. Props., Inc. v. Rock Creek Vill. Assocs. Ltd. P'ship,* 549 A.2d 403, 406 (Md. Ct. Spec. App. 1988).  The Deed of Trust thus required Chase to send the Note to the Property Address unless Bullock had previously provided Chase with written instructions to send notices elsewhere.

Bullock offers two reasons why, by 2012, the notice address was no longer the Property Address.  First, she alleges that, while refinancing her loan in 2012, she instructed Chase in writing to send "notices concerning the Property" to the Brandywine Address.  Am. Compl. ¶ 33. Chase argues that Bullock's alleged request pertained only to the 2012 Loan and so did not apply to the return of the Note for the 2006 Loan.  But "notices concerning the Property" could describe notices related to either the 2006 or 2012 Loan.  Therefore, Bullock has alleged that she followed the steps set out in the Deed of Trust for changing the notice address.

Second, Bullock asserts that Chase has sent notices regarding the Property to the Brandywine Address for the past six to nine years, which includes time periods well before Bullock took out the 2012 Loan.  If that is true, it is possible that the parties' conduct modified the terms of the Deed of Trust such that Chase was obligated to send the Note to the Brandywine Address.  *See Univ. Nat'l Bank v. Wolfe*, 369 A.2d 570, 575-76 (Md. 1977) (holding that even where a contract requires a written agreement to change a term, the parties may by their conduct subsequently modify the contract); *see also Berringer v. Steele*, 758 A.2d 574, 608 (Md. 2000)

(stating that whether conduct after contract formation effects a modification is an issue of fact). If the notice address was changed, either in writing or by course of conduct, Chase's failure to send the Note to the Brandywine address would be a breach of contract. The Court therefore will not dismiss the breach of contract claim.

## II.  Motion for Summary Judgment

In the alternative, Chase contends that it is entitled to summary judgment because it has submitted evidence proving that it sent the Note to the Property Address. Bullock responds that Chase's summary judgment motion is premature because she has not yet had the opportunity to pursue discovery.

Although a party may move for summary judgment before the commencement of discovery, *see* Fed R. Civ. P. 56(b), "summary judgment [must] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)). The proper procedure for seeking additional time for discovery is to file an affidavit pursuant to Federal Rule of Civil Procedure 56(d) explaining why the party needs discovery to establish the existence of a genuine issue of material fact. *Id.* If a party does not submit a Rule 56(d) affidavit, the Court may still consider a request for discovery presented in the non-movant's memorandum of law opposing summary judgment. *Id.* at 244-45. Bullock has not filed a Rule 56(d) affidavit, but her memorandum in opposition to the Motion identifies specific discovery requests that she considers essential for opposing the Motion. The Court considers the merits of her request.

Bullock argues that she needs discovery to rebut four of Chase's contentions: (1) that Chase was entitled to enforce the Note; (2) that she did not comply with the Deed of Trust's

notice and cure provision requiring her to inform Chase if she did not receive the Note; (3) that Chase possessed the Note and mailed it to the Property Address; and (4) that the Deed of Trust allowed Chase to return the Note to the Property Address, rather than the Brandywine Address. Bullock will not need discovery on Chase's right to enforce the Note because that issue pertains only to her claim for unjust enrichment, which is dismissed. Nor does she need discovery relating to the notice and cure provision of the Deed of Trust because Chase has abandoned that argument.

As to whether Chase mailed the Note to the Property Address, Chase argues that the business records submitted with its Motion establish that Chase employee Mary J. Matthews retrieved Bullock's Note from offsite storage, then mailed it on February 2, 2015 via Federal Express Standard Overnight delivery to the Property Address. Chase has also provided business records created by Federal Express documenting the delivery of the Note to the Property Address the following day. Contrary to Bullock's contention, these records may be considered on summary judgment because they can "be presented in a form that would be admissible in evidence," Fed. R. Civ. P. 56(c)(2), in that they would be admissible at trial, upon the offering of appropriate foundation, under the business records exception to the hearsay rule. *See* Fed. R. Evid. 803(6); *Nader v. Blair*, 549 F.3d 953, 963 (4th Cir. 2008); *Dyno Const. Co. v. McWane, Inc.*, 198 F.3d 567, 575-76 (6th Cir. 1999).

Chase, however, overstates the value of its evidence when it claims that these records prove conclusively that the Note was delivered to the Property Address. The records create a presumption that the Note was delivered to the Property Address, but that presumption is rebuttable. *See Benner v. Nationwide Mut. Ins. Co.*, 93 F.3d 1228, 1234-35 (4th Cir. 1996). Because the notice provision states that an item sent by a means other than first class mail is not

deemed to have been received until it is "actually delivered," the Note sent by Federal Express would have been "returned" to Bullock only upon physical delivery to the notice address. Deed of Trust ¶¶ 15, 23. Although perhaps unlikely, Bullock may be able to uncover evidence in discovery, to supplement her denial that she received the Note, showing that Chase did not send the Note to the Property Address or that Federal Express did not actually deliver the Note to that address.

Even if Chase shows that the Note was delivered to the Property Address, it is not automatically entitled to summary judgment on the breach of contract claim. As discussed above, Bullock has articulated two viable theories by which the Deed of Trust's notice address may have changed from the Property Address to the Brandywine Address, including that she made a written request to change the notice address. Although Chase has submitted a declaration stating that Bullock did not provide such written notice, the fact that Chase had to correct an earlier claim that Bullock never made a written demand for the return of the Note illustrates the limitations of such a statement at this early stage. Discovery regarding whether the notice address was changed, either in writing or by the parties' conduct, may yield evidence that Chase was required to send the Note to the Brandywine Address. In that case, Chase would have breached the contract by failing to deliver the Note to the notice address. Because Bullock has not had the opportunity to discover information essential to her opposition, Chase's Motion for Summary Judgment is denied.

Bullock also requests, pursuant to 28 U.S.C. § 1927, that the Court order Chase to pay her costs to defend against Chase's "frivolous and vexatious motion." Pl.'s Opp'n Def.'s Mot. Dismiss and/or Summ. J. at 7. The Court does not find that Chase has "multiplie[d] the

proceedings in [this] case unreasonably and vexatiously" and so declines to award costs.   28 U.S.C. § 1927 (2012).

## CONCLUSION

For the foregoing reasons, Chase's Motion to Dismiss and/or for Summary Judgment is GRANTED IN PART and DENIED IN PART.   The Motion to Dismiss is GRANTED as to Bullock's claims for unjust enrichment and negligence.   The Motion, construed as a Motion for Summary Judgment, is DENIED as to Bullock's claim for breach of contract.   Bullock's request for costs is DENIED.   A separate Order shall issue.


Date:  February 18, 2016                                    _____/s/_____
                                                           THEODORE D. CHUANG
                                                           United States District Judge